UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| **LELAND FOSTER**, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-12661 |
| v. | ) | |
| | ) | |
| **R.A.X.I. DEVELOPMENT** | ) | Judge George Caram Steeh |
| **CORPORATION**, a Michigan corporation for | ) | |
| profit, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

---

## STIPULATION FOR ENTRY OF CONSENT DECREE AND ORDER

---

Plaintiff  Leland Foster and Defendant R.A.X.I. Development Corporation, by and

through their undersigned attorneys, stipulate and agree to entry of the accompanying Consent

Decree and Order, which fully adjudicates all the claims of all the parties and ends this action.

Dated: April 8, 2020

s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., (p66315)
LAW OFFICES OF OWEN DUNN, JR.
Valerie J. Fatica, (0083812)
4334 West Central Avenue, Suite 222
Toledo, Ohio 43615
Telephone: (419) 241-9661
Email:  dunnlawoffice@sbcglobal.net
*Attorneys for Plaintiff*

*/s/ James Novara*
James Novara (P39144)
RUGGIRELLO, VELARDO, NOVARA, BURKE &
REIZEN, P.C.
65 Southbound Gratiot Ave.
Mount Clemens, MI 48043
Telephone: (586) 469-8660
Email: jnovara@rvnvlaw.com
*Attorney for Defendant*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| LELAND FOSTER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:19-cv-12661 |
| | ) | |
| v. | ) | Hon. George Caram Steeh |
| | ) | |
| R.A.X.I. DEVELOPMENT | ) | Magistrate Judge R. Steven |
| CORPORATION, a Michigan | ) | Whalen |
| corporation for profit, | ) | |
| | ) | |
| Defendant. | ) | |

---

## CONSENT DECREE AND ORDER

---

**WHEREAS,** Plaintiff Leland Foster ("Foster") filed this action against R.A.X.I. Development Corporation, a Michigan Corporation for Profit ("R.A.X.I."), in the United States District Court for the Eastern District of Michigan, Case Number 2:19-cv-12661.

**WHEREAS**, Foster filed this action against R.A.X.I. for alleged violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("Title III" of the "ADA") and the Michigan Persons with Disabilities Civil Rights Act, M.C.L. § 37.1301 at a facility commonly referred to as Best Western Davison Inn located at 10082 Lapeer Rd, Davison, MI 48423 (the "Property");

**WHEREAS**, Foster sought an injunction requiring R.A.X.I. to alter the Property as required by the ADA and Michigan law, and an order awarding Foster his reasonable attorneys' fees and costs and compensatory and punitive damages;

**WHEREAS**, R.A.X.I. expressly denies that the Property is in violation of the ADA and Michigan law, and denies any other wrongdoing or liability whatsoever;

**WHEREAS**, the Parties desire to avoid further expense, time, effort, and uncertainty in

2

regards to this action and have therefore agreed to resolve this matter; and

**WHEREAS**, the Parties acknowledge that nothing in this Agreement constitutes or shall be construed as an admission of liability by R.A.X.I., nor shall it in any way support a finding that Foster is a "prevailing party" within the meaning of any statute.

**NOW, THEREFORE**, in consideration of the promises and mutual covenants set forth in this Decree and Order, the parties request the Court to enter consent judgment accordingly.

A.  **Undertakings by Defendant R.A.X.I.:**

Without admitting liability, in response to and in settlement of the allegations contained in Foster's Complaint and all other allegations brought or which could have been brought in this action with respect to this Property, R.A.X.I. agrees to, within one year following the Court's entry of this Consent Decree, subject to a reasonable extension due to acts of God, force majeure, or events beyond the control of R.A.X.I. such as inability to obtain building or zoning permits, failure of the city/county inspectors to make inspections, contractor defaults, or work stoppages, perform the following barrier removal, alterations, and modifications at and to the Property:

**Lobby Restrooms**

1. R.A.X.I. will relocate existing signage for the lobby restroom in compliance with the 2010 Standards.

2. R.A.X.I. will install door hardware that does not require tight grasping or twisting to operate.

3. R.A.X.I. will relocate the flush control to the open side of the water closet.

4. R.A.X.I. will lower the mirror to no higher than 40" above the finish floor or provide a full-length mirror to comply with the 2010 Standards.

**Type and Number of Designated Accessible Guestrooms**

5.  R.A.X.I. will convert ONE bathtub guestroom with mobility features referenced below to a mobility accessible guestroom fitted with a standard roll-in shower in compliance with the 1991 ADAAG and 2010 Standards.

**Designated Mobility Accessible Guestrooms Fitted with a Bathtub Rooms Number 116 & 122**

6.  R.A.X.I. will mount all operable parts, all amenities, and all controls within 48" high.

7.  R.A.X.I. will install new operating hardware and maintain the hand held shower sprayer at a height not to exceed 48 inches above the finish floor.

8.  R.A.X.I. shall install a curtain adjuster that does not require tight-clasping or twisting at a height not to exceed 48 inches.

9.  R.A.X.I. will install door hardware that does not require tight grasping or twisting to operate.

**Designated Mobility Accessible Guestroom Fitted with a Transfer Shower Room Number 106A**

10. R.A.X.I. will install faucet hardware on the kitchenette sink that does not require tight grasping or twisting to operate.

11. R.A.X.I. will install Jacuzzi tub controls that do not require tight grasping or twisting to operate.

12. R.A.X.I. will mount all operable parts, all amenities, and all controls within 48" high.

13. R.A.X.I. will install bathroom door hardware that does not require tight grasping or twisting to operate.

14. R.A.X.I. will insulate the lavatory pipes to comply with the 2010 Standards.

15. R.A.X.I. will install a fixed shower seat subject to meeting required structural strength of a vertical or horizontal force of 250 pounds.  If there is not sufficient support, a portable shower seat will be provided.

16. R.A.X.I. will mount a handheld spray unit with on/off control and a non-positive shutoff with a hose length of 59" minimum at a height not to exceed 48" above the finish floor maximum in each mobility accessible guestroom.

**Parking**

17. R.A.X.I. will stripe access aisles in compliance with the 2010 Standards.

18. R.A.X.I. will level the ground surface at the terminus of the access aisle.

**Policies and Procedures**

19. R.A.X.I. will create and adopt reasonable policies and procedures to maintain accessible features and modify policies as necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities to comply with Department of Justice ADA Title III Regulation 28 CFR Part 36.302(a).

B. **Undertakings by Foster**:  Foster agrees that he is releasing R.A.X.I. and R.A.X.I.'s parent companies, subsidiaries, divisions, affiliates, related companies, predecessors, successors, heirs, executors, administrators, assigns, shareholders, members, managers, directors, officers, employees, agents, attorneys, and lessors of and lessees at the Property from any and all claims, causes, damages, demands, liabilities, equities, and any and all other clams, whether known or unknown, from the beginning of the world to the date of the entry of this Consent Decree and Order.  Foster further

5

agrees that the completion of the above-referenced modifications will fully resolve his claims against R.A.X.I. in the above-captioned matter, and consents to the Court's dismissal of this matter.

C.  The Court finds that the modifications and alterations agreed to be made by Defendant at the Property are the only ones that would be considered "readily achievable," which would be achievable to the "maximum extent feasible," or which would otherwise be currently required under the Americans with Disabilities Act, 42 U.S.C. § 12101 et. seq. (as amended effective January 1, 2009) and under Michigan Law.

D.  Upon completion of the above-listed modifications, the Court and the Parties agree that the Property is in compliance with the Americans with Disabilities Act and Michigan law to the extent readily achievable.

E.  Plaintiff's Claims for Damages, Fees and Expenses: R.A.X.I. shall pay or cause to be paid the total of Ten Thousand Dollars ($10,000.00) directed to Foster and Foster's counsel of record, Law Offices of Owen Dunn, Jr. and Valerie J. Fatica.  Payment shall be made to the order of "Law Offices of Owen Dunn Jr" and delivered to Plaintiff's counsel within ten (10) days of the Court's entry this Consent Decree.

F.  The above-referenced payment shall represent full and complete payment for all claims of Foster and Foster's representatives, including Foster's counsel of record. Foster and Foster's representatives, including Foster's counsel of record, hereby acknowledge that with respect to Foster's claims in the matter *Leland Foster v. R.A.X.I. Development Corporation,* they are not entitled to and will not receive any compensatory damages, punitive damages, injunctive relief, attorneys' fees, costs, or

6

any other form of relief other than the relief expressly provided for in this Consent Decree. Foster and Foster's counsel affirm that there are no liens, claims or restrictions on their ability to accept such payment, and agree to fully hold harmless and indemnify R.A.X.I. and their management, agents, employees, counsel and insurer against any and all liens or claims made against said settlement payment.

G. <u>Jurisdiction</u>:  The parties have requested the Court to dismiss the case with prejudice and retain jurisdiction over this case for the sole purpose of enforcing the terms of this Decree and Order and the Agreement between the Parties. In the event of a dispute between the Parties, the Parties agree to submit themselves to the jurisdiction of the U.S. District Court for the Eastern  District of Michigan.  The Parties further waive any objection on the grounds of lack of personal jurisdiction or venue to the exercise of such jurisdiction now or in the future, but only in connection with the present litigation.    In the event the Court would determine a material breach of the terms contained herein, the prevailing party shall be entitled to its reasonable fees, expenses and costs in accordance with applicable law.

H. <u>Judgment</u>:  Based upon the foregoing, the Court finds that this Decree is fair and reasonable, both procedurally and substantively, consistent with applicable law, in good faith, and in the public interest.  The Court enters judgment accordingly:

**WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED** that each party be and they are hereby ordered to comply with the terms and conditions of this Decree and Order entered into as a result of the settlement of the Parties.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that upon completion of the responsibilities set forth in this Decree and Order, that Defendant be and is hereby found to be in compliance with the Americans with Disabilities Act, 42 U.S.C.§ 12101 et. seq. and in compliance with Michigan Law as of the date of this Judgment Entry.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that with the concurrence of each of the parties, this matter be dismissed with prejudice and, that the jurisdiction of this Court is reserved to enforce the terms and conditions of this Decree and Order.

The Clerk of Court is directed to enter judgment accordingly.

Dated:  April 9, 2020                    s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        United States District Judge


Approved for entry by:

/s/ Owen B. Dunn, Jr.
Owen B. Dunn, Jr., Counsel for the Plaintiff

/s/ James M. Novara
James M. Novara, Counsel for the Defendant